UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 1 4 2012

FILED_____
DOCKETED_____
DATE     INITIAL

PETER MICHAEL PALMER,

　　　　Plaintiff - Appellant

vs.

KENTON D. JONES, et al.,

　　　　Defendants - Appellees.

No. 11-18040

## APPELLANT'S MOTION FOR RECONSIDERATION OR CLARIFICATION [1]

Pursuant to Rule 27-10, plaintiff/appellant asks the Court to reconsider or at least explain[2] its Order of February 28, 2012 (Attachment A) stating that "the questions raised in this appeal are so insubstantial as not to require further argument."

Frankly, that can't be right. If nothing else, there haven't been any questions raised on appeal because I haven't filed an appeal brief, let alone an

---

[1] Regarding timeliness of this motion: Plaintiff received the Order in the mail a few days after it was filed, on or about March 2. Regardless, if I read the rules correctly (citing *U.S. v. James*), this motion is due on March 13, the day I overnight it. So as to be timely, pursuant to General Order 6.3a, if the clerk does not grant me an extension of time sua sponte, then I so move. (Note to Rule 40-1.)

[2] "Clarify" as a courtesy for the Supreme Court.

"unimpressive" one. (Quoting from the Circuit's standard of *U.S. v. Hooton*.) If my case truly were insubstantial, then one of the two District Court judges would have thrown it out as frivolous. Or the motions panel would have ruled it was insubstantial before ordering me to show cause about immunity. Frankly, the motions panel is moving the goal post on me in what appears to be an attempt to spike this ball.

If I could, I would argue in this Motion that the Court must have overlooked or misunderstood the facts and points of law in this case. But that's impossible to do since the Court did not articulate any basis for its Order.

Nevertheless, I will argue why the Court's standard of *Hooton* is wholly inapposite here and why the District Court's dismissal should be reversed. I will also argue why the District Court should be ordered to grant me an immediate Preliminary Injunction, as per my Zeroth Amended Complaint. (Doc. 5.)

## INTRODUCTION

After the District Court dismissed my §1983 action suggesting, in dicta, the defendants have judicial immunity, I filed a somewhat inartful Emergency Motion for a Preliminary Injunction and/or a Notice for Priority Status. Instead of granting either, the motions panel ordered me to show cause as to why the

defendants aren't immune from suit. Which I did.[3] But now, after having successfully shown cause (i.e., scored a touchdown), the panel has moved the goal post on me, saying my case is insubstantial, citing the ubiquitous *U.S. v. Hooton*. But *Hooton* is totally off point in my matter.

## ARGUMENT

First, *Hooton* only applies to nonemergency situations. But mine IS an emergency situation. I filed an Emergency Rule 27-3 Certification saying so.[4] Because I am—and countless other Arizonans are—currently suffering legal irreparable harm (and may suffer literal irreparable injury—death) due to an

---

[3] Since the Court did not refute any of my arguments, I presume, as with *Leclerc v. Webb*, 270 F.Supp.2d 779, that I am right. That the defendants are not immune. If it helps this Court, I have since found a case somewhat similar to mine. (Albeit before the SCOTUS affirmed the Second Amendment is an individual right.) In *Nollet et Al, V. Justices of the Trial Court of the Commonwealth of Massachusetts*, 248 F.3d 1127, 2000 WL 1803320 (C.A.1 (Mass.)) fathers brought a §1983 action against the Justices of the Massachusetts Supreme Court, fighting for their Second Amendment rights. The 1st Circuit said the Justices there had immunity because they were "acting purely in [their] adjudicative capacity" because the suit challenged the constitutionality of a state statute. That is not applicable in my case. There is no state statute. The Arizona defendants are not adjudicating statute. Therefore, they cannot be acting in their adjudicative capacity. Therefore, they cannot be immune from their actions. Note also that the 1st Circuit did not cite "insubstantial" in its matter, but made a ruling.

[4] It was denied by the panel, who claimed the matter of immunity had to be settled first. Now that I've proved the defendants are not immune, my Emergency Motion should also be reconsidered and granted.

actual deprivation of a constitutional right (directly attributable to the defendants and only the defendants), my case cannot be insubstantial.

Further, absent law (and contrary to law), my name has been put on the FBI's National Crime Information Center's database as "Brady Positive." (Colloquially known as a "Brady Disqualification.") I am currently listed as a **criminal** domestic violence offender by way of an ex parte **civil** action. (Doc. 31 at 2:16-21.) This emergency situation is the fault of the Justice defendants who, through their judicial officers, are promulgating—and enforcing—an internal, "administrative" Rule of the court as substantive law on Arizona citizens. (And thus are violating Article III of the Arizona constitution too.)

The Justice defendants have unconstitutionally deprived me of my constitutional right to "to bear arms in defense of himself" (and my family and friends), in violation of Article 2, § 26 of the Arizona Constitution. Please, I am not a federal judge who has the federal government defending him. I have to defend myself and others in an evil world.

In addition to the constitutional deprivations, the Brady Disqualification is a violation of federal law at two points. Per 18 U.S.C. § 922(g)(8), Brady cannot apply to an ex parte hearing. Second, Brady only applies in criminal Domestic Violence situations, not civil injunctions.

Now, this Circuit has repeatedly affirmed that "an alleged constitutional infringement will often alone constitute irreparable harm." Consistent with this, this Circuit enjoined our Arizona Governor from depriving citizens of our Fourth Amendment right in SB 1070. This court has acted on First and Fifth deprivations. A Second Amendment infringement is no different.[5] Nor should the fact that it's the Judicial Branch who infringes on a right, and not the Executive, distinguish how this court acts. And again, mine is not an alleged infringement, but an actual one!

Second, *Hooton* says "Motions to affirm should be confined to appeals obviously controlled by precedent." But there is no obvious precedent for my case where a State Supreme Court has gone rouge! Where Justices made up—and enforce—their own law! Even if, ordinarily, the Justice defendants had immunity, immunity cannot apply in this case of first impression. This case must be heard.

Last, Mr. Hooton asked the appeal court for something it could not give, which made his appeal insubstantial on its face. I haven't yet filed a brief, which makes the instant Order premature. But if I did, I would ask this Court to reverse

---

[5] Affirmed by the Supreme Court in *District of Columbia v. Heller* (the majority held that the Constitutions guarantees "the individual right to possess and carry weapons in case of confrontation") and extended this right to the States in *McDonald v. City of Chicago*.

the District Court's dismissal and remand the case, something this Court can do.

## CONCLUSION

Therefore, for all these reasons, *Hooton* is wholly inapposite at this time and the Court must reverse its February 28 Order.

Furthermore, this exercise has obviated the need for me to file an appeal. Since I have shown in my response to the OSC that the defendants are not immune from suit, my response effectively "short-circuits" the need for a formal appeal. That is, my primary issue on appeal would have been "Did the district court abuse its discretion when it dismissed the case on the basis of judicial immunity?" This court, by its silence, has conceded that the answer to the question is "Yes," making a formal appeal unnecessary.[6]

Moreover, in addition to being a genuine 27-3 Emergency, your Rule 27-12 requires this appeal be expedited since "in the absence of expedited treatment, irreparable harm may occur or the appeal may become moot." I've already pointed out I am currently suffering harm and, unable to defend myself, that harm may truly become irreparable. But also this appeal will become moot on September 12,

---

[6] The other question would be "Did the district court abuse its discretion by not requiring the State Attorney General to disqualify from representing the defendants for ethics violations?" Considering my ongoing injury and the need to expedite this matter, I am willing to forego this question for now.

2012 when the one year injunction against me expires. (Assuming another unlawful civil injunction is not sought against me by my antagonist.)

Therefore, citing FRAP 2 for authority to suspend the rules to expedite this highly unusual matter of first impression, I ask this Court to craft an Order immediately reversing the dismissal by the District Court and further ordering the District Court to grant me an immediate preliminary injunction so as to restore my constitutional rights and the status quo, enjoining the defendants from enforcing their administrative Rule 6(E)(4)(e)(2) of their Rules of Protective Order Procedure as law in Arizona. This is no different from what this Court did with Arizona's SB 1070, except the government defendants are different here.

Pro se plaintiff is aware of this court's stated prejudice that "motions for clarification, reconsideration or rehearing of a motion are disfavored by the Court and are rarely granted." And that "The filing of such motions is discouraged." (Note 4 to Rule 27-1) Nevertheless, this Court has left me no choice. It's not in the best interest of judicial economy to petition the SCOTUS for a writ of certiorari without any articuable facts from this Circuit about its Order. If the Court denies my motion for reconsideration (i.e., will not reverse itself and the district court), then I ask the court for "clarification" please, thoroughly explaining its reasons for its February 28 Order invoking *Hooton*.

I submit that if the Court denies my motion for reconsideration, it has effectively implicated the First Amendment by foreclosing on my right to redress, which will become an issue for review before the Supreme Court. (I cannot sue the defendants in their own court. This has to be tried in federal court.)

Really, this is a simple, albeit politically-incorrect case. Please grant me justice. If the Court needs a definition of justice, it is simply what you would want if this happened to you.

I have contacted opposing counsel. She has "no comment" on this Motion.

Submitted by /s/ Mike Palmer

P. Mike Palmer
18402 N. 19th Avenue, #109
Phoenix, AZ 85023
(602) 513-3738
mikepalmer_ariozna@fastmail.fm

Dated March 13, 2012.

**Certificate of Service:**

Copies of the foregoing mailed under protest via
U.S. Mail on March 13, 2012 to:

Pamela J. Linnins
1275 W. Washington
Phoenix, AZ 85007

# ATTACHMENT A

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER MICHAEL PALMER,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>KENTON D. JONES, in his official capacity as Yavapai County Superior Court Judge; et al.,<br><br>        Defendants - Appellees. | No. 11-18040<br><br>D.C. No. 2:11-cv-01896-JAT<br>District of Arizona,<br>Phoenix<br><br><br>ORDER |

Before: LEAVY, THOMAS, and CHRISTEN, Circuit Judges.

A review of the record and the response to the January 11, 2012 order to show cause indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating standard).

Accordingly, we summarily affirm the district court's judgment.

**AFFIRMED.**

MF/Pro Se

Form 11.     **Certificate of Compliance Pursuant to
Circuit Rules 35-4 and 40-1**

---

**Form Must be Signed by Attorney or Unrepresented Litigant
and Attached to the Back of Each Copy of the Petition or Answer**

---

(signature block below)

---

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/answer is: (check applicable option)

[X]     Proportionately spaced, has a typeface of 14 points or more and contains _1745_ words (petitions and answers must not exceed 4,200 words).

**or**

____    Monospaced, has 10.5 or fewer characters per inch and contains _____ words or _____ lines of text (petitions and answers must not exceed 4,200 words or 390 lines of text).

**or**

____    In compliance with Fed. R. App. 32(c) and does not exceed 15 pages.

_/s/ [signature]_
Signature of Attorney or
Unrepresented Litigant

(New Form 7/1/2000)