RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 2 9 2012

FILED
DOCKETED _____ DATE _____ INITIAL

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

PETER MICHAEL PALMER,

        Plaintiff - Appellant

vs.

KENTON D. JONES, et al.,

        Defendants - Appellees.

No. 11-18040

## APPELLANT'S MOTION FOR CLARIFICATION OR RECONSIDERATION OR REINSTATEMENT AND CONTINUED NOTICE FOR PRIORITY HANDLING

Pursuant to Rule 27-10, plaintiff/appellant asks the Court to clarify or reconsider its Order of May 14, 2012 (Attachment A) stating that "The motion for reconsideration is denied as untimely."

Alternatively, I ask the Court to reinstate this matter, pursuant to General Order 2.4, especially considering the on-going constitutional deprivation (i.e., irreparable harm) I am currently suffering, as documented in my previous FRAP 27-3 certification to this Court.[1]

---

[1] Even though it denied my Rule 27-3 motion, this Circuit has repeatedly affirmed that "an alleged constitutional infringement will often alone constitute irreparable harm." I have amply documented that I am not suffering a mere "alleged" constitutional infringement, but am suffering a genuine infringement. I

At issue here is that the clerk did not formally rule on my concurrent motion for an extension of time in my admittedly tardy motion for reconsideration, but merely denied my motion for reconsideration as untimely—period. To be gracious, perhaps this was an oversight? Even though a motion for an extension of time for a tardy filing is not strictly required (since the clerk can grant an extension sua sponte), my motion for an extension of time was filed in FN 1 of my motion for Reconsideration, where I wrote:

> So as to not be untimely, pursuant to General Order 6.3a, if the clerk does not grant me an extension of time sua sponte, **then I so move.** (See Note to Rule 40-1.)[2]

While perhaps my footnote was not a formal motion, it should have been liberally construed as such since I'm a pro se litigant.[3]

---

am currently listed on the FBI's National Crime Information Center's database as a criminal domestic violence offender, even though I am still a virgin and have never been domestic with anyone. Even though no criminal action has been brought against me. This was done to me via an ex parte civil action in Arizona in violation of federal law! As a result, I am suffering numerous constitutional deprivations (like lack of due process), all absent statutory authority to boot!

[2] While the Note to Rule 40-1 about General Order 6.3a is gone now in the 2012 web edition of the FRAP (I used the previous web edition when I wrote my Motion for Reconsideration in March), General Order 6.3a is untouched.

[3] "A document filed pro se is 'to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (internal citations omitted.)

As such, if the clerk is denying my motion for an extension of time, then that is what the instant Order should state. But it didn't. The Order should be clarified.

Of course, I don't believe the clerk should deny my motion for an extension of time and the clerk should reconsider/reinstate this matter for the following reasons:

First, the sense of General Order 6.3a, which allows the clerk to sua sponte "grant one initial extension of time of no more than seven calendar days for the filing of a petition" is that, in the Ninth Circuit, there is a gracious, virtually automatic one time extension of time granted to all tardy litigants. It's common knowledge that this is standard policy of the Ninth.

To wit, quoting an attorney's comment about General Order 6.3a from a blog discussing California's Prop 8, ". . . requests for a mere one-week extension to the rehearing petition deadline **are considered such a trivial matter** that no judge ever sees them. The clerk of court is instructed to rule on them on her own, and I believe **she pretty much just grants them all as a matter of course**." (See page 2, Comment 21 by Alan, dated February 20, 2012, Attachment B.)

As an example, you (the clerk) recently granted a litigant in the Ninth a sua sponte extension of time when he was four days late filing a petition for a

rehearing.[4] And that litigant was represented by counsel who, by rule, had to be using the ECF which does not have the latencies of snail mail.

Contrast this with me. I was only one day late and I overnighted the filing to mitigate any further delay.[5] If anyone should be pardoned for being only one day late it is the pro se litigant who is not using ECF but receives Orders from the court through snail mail and files back through mail. Ignoring my pro se status for now, the district courts recognize the hardship of mailing and allow an automatic three-day extension of time for papers served by mail, allowing for delay due to snail mail latencies. (See F.R.Civ.P. 6(d).) While the Appellate courts do not acknowledge this hardship, it is a hardship nonetheless.

And I am a pro se.

If it's not an oversight that the clerk missed my motion for an extension of time buried in FN 1, then it appears the clerk has singled me out to be a rare exception to the Ninth Circuit's well known policy of granting extensions as a matter of course. Which appears prejudicial. If no harm was caused by Mr.

---

[4] "Buckles, through counsel, petitioned for panel rehearing and/or rehearing en banc. Although the petition was four days late, see Fed. R. App. P. 35(c), 40(a)(1), our Clerk exercised her discretion under General Order 6.3a to file the late petition." *U.S. v. Buckles*, 647 F.3d 883 (9th Cir. 2011)

[5] In fact, I called the motions clerk about missing the deadline and was told "Get it here as soon as possible." (Or words to that effect.)

Buckles' attorney being four days late, then no harm was caused by my being only one day late.

Second, this is a genuine 27-3 Emergency and a case of first impression, which must be heard. It should not be denied as untimely on a triviality. I assert this matter continues to be a priory matter per the Rule 34-3 Notice I previously filed. Whether the Court acknowledges it or not at this time, I have been unconstitutionally deprived of numerous constitutional rights by the state defendants and the federal court is my only recourse for redress of grievances.

Third, while I don't believe the clerk should be looking to the merits of my motion for reconsideration to make her ruling on a motion for an extension of time, the fact is that the case law cited by the Court was inapposite to the matter at hand. Therefore, in the interest of justice, the ruling I was challenging in my motion for reconsideration should not be allowed to stand by way of a clerical error or personal bias resulting in a technical default. Judges should decide my matter on the merits.

Rule 27-12 requires this matter be expedited since "in the absence of expedited treatment, irreparable harm may occur or the appeal may become moot." Irreparable harm continues to occur. This appeal will become moot on September 12, 2012, requiring expedited treatment now.

Dated May 24, 2012.

Submitted by _P. Mike Palmer_

P. Mike Palmer
18402 N. 19th Avenue, #109
Phoenix, AZ 85023
(602) 513-3738
mikepalmer_arizona@fastmail.fm


**Certificate of Service:**

Copies of the foregoing mailed under protest via
U.S. Mail on May 24, 2012 to:

Pamela J. Linnins
1275 W. Washington
Phoenix, AZ 85007

# ATTACHMENT A

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2012

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER MICHAEL PALMER,

          Plaintiff - Appellant,

   v.

KENTON D. JONES, in his official
capacity as Yavapai County Superior
Court Judge; et al.,

          Defendants - Appellees.

No. 11-18040

D.C. No. 2:11-cv-01896-JAT
District of Arizona,
Phoenix

ORDER

The motion for reconsideration is denied as untimely. *See* 9th Cir. R. 27-10

(motion for reconsideration of order that terminates case must be filed within 14

days).

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Monica Fernandez
Motions Attorney/Deputy Clerk

MF/Pro Se

# ATTACHMENT B

## *Blogroll*

- Calitics
- Firedoglake
- Good As You
- Keen News Service
- LGBT POV
- MarriageTrial.com
- Merc News Special Section
- Metro Weekly
- Pam's House Blend
- Waking Up Now
- Wikipedia: Perry vs. Schwarzenegger

## *Organizations*

- American Foundation for Equal Rights
- Courage Campaign
- Testimony: Equality on Trial

## *We need your feedback!*

Prop8TrialTracker.com depends on your feedback to improve our user experience. Whether you're a frequent or infrequent visitor, let us know what you like about the site and what you want to see improved by taking our 5-minute survey. Thanks for your feedback!

## What tomorrow's 9th Circuit deadline means for the Prop 8 case

*February 20, 2012*

By Jacob Combs

Tomorrow, February 21, marks a big deadline in the Prop 8 case that those of us who have been counting the days since the 9th Circuit's decision have been eagerly anticipating: the last day that the proponents of Prop 8 can file a petition for rehearing with the 9th Circuit.  The proponents have 14 days from the initial decision to do so, meaning that if they do not request an *en banc* review of the February 7 decision with a larger panel of the appeals court, the 3-judge panel's ruling will be the last word at this level of appeal.

At this point, there's no reason to speculate whether or not the proponents will actually file for a rehearing tomorrow, as they may be waiting until the last moment to do so.  One question that is probably on many minds though is what happens to the stay depending on the proponents' actions tomorrow.

In its ruling on February 7, the 9th Circuit wrote that the mandate (that is, the official notice of the decision) will not go into effect until 7 days after the deadline for a rehearing petition expires, or 7 days after a rehearing is denied.  What that means is that the 9th Circuit's stay on Judge Walker's ruling striking down Proposition 8 will be lifted 7 days after tomorrow's deadline (February 28), should the proponents choose not to file for rehearing.

- **19.**    Straight Dave | February 20, 2012 at 8:45 pm

That would only make sense if they expected to lose at SCOTUS, and delay was their only fallback option. If they really expected to win, then it would be in their interests to go to SCOTUS ASAP before the public mood and state laws changed any more. Further delay does not help them in the long run, unless Obama loses and the court shifts further right — which is looking less likely by the day.

- **20.**    Susan Russell | February 20, 2012 at 8:45 pm

Thanks … again … for keeping us all up to date on all the ins and outs!

- **21.**    Alan | February 20, 2012 at 9:10 pm

Also, requests for a mere one-week extension to the rehearing petition deadline are considered such a trivial matter that no judge ever sees them. The clerk of court is instructed to rule on them on her own, and I believe she pretty much just grants them all as a matter of course, as long as there is no technical error in them. (This only applies to the first extension.) See General Order 6.3(a).

I think people here should try to relax and accept that there's a good chance that the only thing that happens tomorrow is that the proponents request and receive another week in which to mull over their decision.

- **22.**    Lester | February 20, 2012 at 10:14 pm

Agreed Dave. They are counting on the 4 conservative Justices to grant cert and Kennedy not to want to get too ahead of history. That process will take over a year as it is. It s not in their interest to delay.

**Form 11.**     **Certificate of Compliance Pursuant to**
**Circuit Rules 35-4 and 40-1**

> **Form Must be Signed by Attorney or Unrepresented Litigant**
> **and Attached to the Back of Each Copy of the Petition or Answer**

**(signature block below)**

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/answer is: (check applicable option)

**X**  Proportionately spaced, has a typeface of 14 points or more and contains ___1155___ words (petitions and answers must not exceed 4,200 words).

**or**

____  Monospaced, has 10.5 or fewer characters per inch and contains _____ words or _____ lines of text (petitions and answers must not exceed 4,200 words or 390 lines of text).

**or**

____  In compliance with Fed. R. App. 32(c) and does not exceed 15 pages.

Signature of Attorney or
Unrepresented Litigant

(New Form 7/1/2000)