UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAN 17 2014

FILED_____
DOCKETED_____
DATE    INITIAL

PETER MICHAEL PALMER,

Plaintiff - Appellant

vs.

KENTON D. JONES, et al.,

Defendants - Appellees.

No. 11-18040

**APPELLANT'S SIMULTANEOUS EX PARTE MOTIONS FOR
1) TEMPORARY SUSPENSION OF THE RULES TO
2) GRANT A NORMALLY UNTIMELY
"MOTION FOR RECONSIDERATION," SEEKING A REFUND OF
APPEAL FEE IN LIGHT OF NEW FACT A YEAR LATER
(ULTIMATELY SEEKING TO VACATE CIRCUIT'S
REFERRAL NOTICE TO THE DISTRICT COURT)**

## STANDING TO BE HEARD

First, to get his foot in the door in this extraordinary matter, Plaintiff moves for a temporary suspension of the Rules for good cause, pursuant to FRAP 2, so that the Court (or Clerk) can hear this purely administrative/clerical request (couched in a motion) for a refund of Plaintiff's appeal fee in the above-captioned case.

Plaintiff realizes that this case has long been closed and that, ordinarily, no

further filings would be allowed. But because this is an extraordinary situation — a situation which the normal rules did not anticipate — good cause exists for a temporary suspension of the rules to grant Plaintiff's second simultaneous motion. Good cause exists to suspend the rules because, absent suspension of the rules, this is a situation "capable of evading review." [1]

## THE NUB OF THIS "MOTION"

Second, the heart of this motion is a request for return of appeal fees for the reasons below. (Primarily because one of the "three strikes" against IFP plaintiff was later reversed, making the count only two strikes.)

Pro se Plaintiff couches his request for refund of appeal fee in the form of a motion for reconsideration, since the Circuit seems to deal only in motions.[2]

Pursuant to FRAP 27-10(a)(3), a motion for reconsideration seems proper, in light of new fact which did not become known until long after this instant case was closed and long after deadlines for ordinary relief had passed.

Plaintiff files this as an ex parte motion because this matter is purely administrative and not despositive to the legal action.

---

[1] Pro se plaintiff also asks for a suspension of the rules for defect if I have not crossed all my T's or dotted all my I's correctly in this double Motion.

[2] Although if this isn't the correct path, then Plaintiff moves again for a suspension of the Rules to entertain this as a petition or notice, etc.

Since it's not despositive, Plaintiff believes the Clerk can adjudicate this motion pursuant to FRAP 27-2 and 27-10(b). Since the collection of appeal fees is purely administrative, one that the Clerk probably initiated originally, it should be perfunctory for the Clerk to undo it.

## ARGUMENTS

There are three reasons why Plaintiff's appeal fee must be refunded:

1) Plaintiff had not yet "struck out."

In the Circuit's Referral Notice to the Arizona District Court, the Circuit cited 28 U.S.C. § 1915(a)(3) as grounds for its referral. (Doc. 40. See Exhibit 1.)

Assuming for the sake of argument that § 1915 is controlling even though Plaintiff is not a prisoner, the Circuit seems to be invoking its so-called "Three Strikes" rule as coined in *Andrews v. King* (398 F.3d 1113, 1116 n.1 (9th Cir. 2005)).

While it is correct that on December 29, 2011, when the Circuit issued its Referral Notice in this matter, there *were* three "strikes" called against Plaintiff, the count dropped to two strikes after the Circuit reversed itself later on an earlier strike.

Specifically, at the time, the Circuit had tallied three strikes against Plaintiff for Case Numbers 10-17690, 11-15086 and 11-15486, sending its first

Page 3 of 8

Referral Notice after these three.[3]

But after this instant case (11-18040) was closed on September 28, 2012, the Circuit reversed itself on October 17, 2012 in Case No. 11-15486, which had been an earlier "strike" case.

Thus, after all has been said and done, there are only two strikes against Plaintiff prior to this instant case. There not being "three strikes" against Plaintiff, Plaintiff was not "out." Therefore, Plaintiff's appeal fee for this instant Case must be refunded.

2) As touched on above, the Circuit's Referral Notice cited 28 U.S.C. § 1915 along with *Hooker v. American Airlines*. (302 F.3d 1091, 1092 (9th Cir.

---

[3] That was Case No. 11-17544, which was the first of two appeals in this case of *Palmer v. Jones*, et al. But since that appeal was part of this appeal, and since Plaintiff terminated Case No. 11-17544 voluntarily, before any action by the Circuit had been taken, it's not a strike. (Rather it's a "~~ball.~~" "checked swing of bat," i.e., a "ball.") and

Specifically, the District Court had denied my Petition for an Emergency temporary injunction, closing the case. I immediately filed a Notice for an Emergency Interlocutory Appeal. But after I filed, the Defendants answered my Petition anyway, making my appeal moot. As such, the NOA was neither frivolous or made in bad fath.

As soon as Defendants answered, Plaintiff filed a Notice with the Motion Board (distinct from a Motion), alerting the Board that Defendants had answered my Petition and therefore, that particular appeal was moot.

But as it was necessary to file a timely NOA to preserve my right to appeal, and as it was not my fault that the Plaintiffs made the appeal moot by answering late, this Case can't be a strike. Especially since the Circuit responded, despite my not having paid to play.

2002).) Both are controlling law only for prisoners.[4] But Plaintiff is not, nor has ever been, a prisoner or incarcerated.

Therefore, there is no authority for the Circuit to have issued a Referral Notice to the District Court. (Consequently, the District Court's Order in response, Doc. 41 in 11-CV-01896, is moot.) The Referral Notice must be vacated and the appeal fee refunded. (How that is accomplished logistically, I leave to the Circuit Clerk.)

3) Even if § 28 U.S.C. § 1915 is controlling for non-prisoners, in the end the Circuit did not find that Plaintiff's instant case was "frivolous or taken in bad faith." Which is the requirement for revoking IFP status in an appeal.

Rather, the Circuit simply chose not to entertain the case, saying that "the questions raised in this appeal are so insubstantial as not to require further argument." (Citing *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating standard).)

---

[4] Citing *Andrews v. King* in *Andrews. v. Cervantes* (493 F.3d 1047, 1049) "The PLRA [**Prisoner** Litigation Reform Act] provides for such a limitation on filing suit through its rule, nicknamed the 'three-strikes rule,' making in forma pauperis ('IFP') status unavailable to **prisoners** who have on 3 or more prior occasions, **while incarcerated or detained in any facility**, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." (Quotations omitted. Emphasis mine.)

But that can't be right. If nothing else, Plaintiff hadn't raised any questions! The circuit did not allow Plaintiff to file his brief.

Moreover,

a) Plaintiff submits that *Hooton*, on its face, is bad law. Taking money to perform a service (to hear an appeal), but then not providing that service (not hearing the appeal) is wrong. If the Circuit wasn't going to hear my appeal, it should never have taken my money (actually, my supporters' money) in the first place.

b) Even if the Circuit can enter a contract, take money and not perform a contracted service, the Circuit did not find Plaintiff's appeal frivolous nor taken in bad faith, which is the necessary standard for revoking IFP status.

Specifically, as stated in *Denton v. Hernandez* (504 US 25, 33 - Supreme Court 1992.) "... a court may dismiss a claim as factually frivolous **only if** the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" This is because "Congress intended to guarantee that **no citizen shall be denied** an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, **solely because ... poverty makes it impossible** ... to pay or secure the costs of litigation." (*Id.,* at 31, internal quotes and citations omitted. Emphasis mine.)

The Circuit made no such finding.

In this instant matter, the Circuit first made me show cause as to why the defendants did not have absolute immunity.

I showed cause. The Circuit did not dispute that.

Then, after I showed cause, the Circuit simply said "Insubstantial." The Circuit did not rule that the facts alleged were "clearly baseless." As such, the Circuit's dismissal does not meet the standard for revocation of IFP status.

(Pro se Plaintiff was caught in a "Catch-22" at the time and had to pay to play. But had I been allowed to file an appeal brief, I would have asked for a return of the appellate fee because the appeal was not frivolous. But the Circuit foreclosed that avenue by preventing me from filing a brief.)

\#

\#

\#

\#

\#

\#

\#

## CONCLUSION

Pro se Plaintiff is a so-called "Evangelical Christian." (Is there any other kind?) I have essentially taken a vow of poverty. I have properly been granted IFP status in four cases in federal court because I was a pauper. I am still a pauper.

As such, I rely on Christian brothers and sisters for support. As I have a duty to God and them to be a good steward of what's been entrusted to me, I have an obligation to my supporters to retrieve their money when taken improperly.

So, for any or all of the reasons above, the Clerk should refund Plaintiff's Appeal fee of $455. (See Exhibit 2.)

Dated January 15, 2014

Submitted by /s/ Mike Palmer

P. Mike Palmer
18402 N. 19th Avenue, #109
Phoenix, AZ 85023
(602) 513-3738
mikepalmer_arizona@fastmail.fm

# EXHIBIT 1

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER MICHAEL PALMER,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>KENTON D. JONES, in his official capacity as Yavapai County Superior Court Judge; et al.,<br><br>          Defendants - Appellees. | No. 11-18040<br><br>D.C. No. 2:11-cv-01896-JAT<br>U.S. District Court for Arizona, Phoenix<br><br>**REFERRAL NOTICE** |

This matter is referred to the district court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).

If the district court elects to revoke in forma pauperis status, the district court is requested to notify this court and the parties of such determination within 21 days of the date of this referral. If the district court does not revoke in forma pauperis status, such status will continue automatically for this appeal pursuant to Fed. R. App. P. 24(a).

This referral shall not affect the briefing schedule previously established by this court.

# EXHIBIT 2

Case 2:11-cv-01896-JAT   Document 42   Filed 01/06/12   Page 1 of 1

2:11-CV-1896-JAT

```
✓ FILED       ___ LODGED
___ RECEIVED  ___ COPY

    JAN 0 6 2012

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY _____ ___Z_ DEPUTY
```

Appeal Fee

```
Court Name: United States District Court
Division: 2
Receipt Number: PHX117499
Cashier ID: lbrewste
Transaction Date: 01/06/2012
Payer Name: PETER PALMER
--------------------------------
NOTICE OF APPEAL/DOCKETING FEE
 For: PETER PALMER
 Case/Party: D-AZX-2-11-CV-001896-001
 Amount:      $455.00
--------------------------------
CASH
 Amt Tendered:  $460.00
--------------------------------
Total Due:      $455.00
Total Tendered: $460.00
Change Amt:     $5.00


A fee of $45 will be assessed on
all returned remittances.
```